## Hal C. Bruner v. Max Diamond.

1. CONTRACT—*For a Warranty Deed—Performance.*—Under a contract for a warranty deed a party is entitled to such a deed as his contract calls for, and can not be compelled to accept one coupled with conditions not contemplated by his contract.

**Bill for Specific Performance.**—Appeal from the Circuit Court of Livingston County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

C. C. STRAWN and A. C. NORTON, attorneys for appellant.

A. C. BALL, attorney for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was a bill for specific performance. On October 8, 1894, appellant, by his written contract of that date, agreed to convey to appellee, by warranty deed, free from all incumbrance, the north half of the northeast quarter of section 7, town 28 north, range 6, east of the 3d principal meridian, for a consideration of $6,000, subject, however, to a trust deed on the land for $2,000, which appellee was to assume and pay. The deed was to be delivered March 1, 1895. On March 3, 1895, appellant tendered to appellee a deed, which, by its terms, was made subject to a lease to one Martin Barrett, and which lease it is claimed had been entered into, or given by appellant, after the agreement for a deed was made, and without the consent of appellee.

The deed thus tendered was refused by appellee, whereupon appellant tendered appellee another deed, in which, after the description of the premises, was inserted the following clause : "Being the same land now occupied by Martin Barrett under his lease." This deed, also, appellee declined to receive, and appellant, claiming these words were only descriptive, refused to execute any other deed, whereupon

appellee filed his bill for specific performance of the contract, insisting that appellant is bound to give him a deed without any such clause referring to the lease.

Appellant answered, setting up a tender of the deed last above described, and by agreement of parties the cause was set down for hearing by the court on bill and answer. The court found for appellee, and decreed that appellant should execute to appellee a deed for the premises, without the objectionable clause.

This action of the court is assigned for error. We think the decree was clearly right. Appellee was entitled to a deed according to the terms of his contract, unembarrassed by any reference to this lease. As matter of description the clause objected to was wholly unnecessary. The action of appellant would indicate that he had some purpose in insisting on the insertion of such a clause. In no event could it be of benefit to appellee, but it might possibly be of service to appellant if sued on his covenants of warranty. Appellee was not required to take any chances as to the rights of the lessee, or as to what the courts might hold concerning the effect of this clause referring to Barrett's lease.

Appellee was entitled, under the contract, to a warranty deed for the premises, clear of all incumbrances except the $2,000 mortgage. This is all that the decree gives him, and it should be affirmed.

Decree affirmed.